UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALIN CHRISTOPHER PROPHETE,<br><br>                              Plaintiff,<br><br>          -against-<br><br>NEW YORK METROPOLITAN HOSPITAL;<br>JOHN DOE; JANE DOE,<br><br>                              Defendants. | 23-CV-11117 (RA)<br><br>ORDER OF SERVICE |

RONNIE ABRAMS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332. By order dated January 12, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. Plaintiff also moves for permission to register for electronic case filing.

## DISCUSSION

**A.     Doe defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). Plaintiff supplies sufficient information to permit Defendant Metropolitan Hospital, operated by New York City Health + Hospitals, to identify the John Doe and Jane Doe medical staff involved in Plaintiff's visit on December 19, 2023, and described in the complaint. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the City of New York, must ascertain the identity of each Doe defendant whom Plaintiff seeks to sue here and the address where each defendant may be served. The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint with the real names of the Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form for Plaintiff to complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for these defendants and deliver to the U.S. Marshals Service all of the documents necessary to effect service.

**B.      Service on Metropolitan Hospital**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Metropolitan Hospital (sued herein as New York Metropolitan Hospital) through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant Metropolitan Hospital, complete the USM-285 form with the address for this defendant, and deliver to the U.S. Marshals Service all of the documents necessary to effect service.

The Clerk of Court is directed to mail to Plaintiff an information package and amended complaint form. The Clerk of Court is further directed to mail to the New York City Law Department a copy of this order and the complaint to the following address: 100 Church Street, New York, NY 10007.

Plaintiff's motion for permission for electronic case filing (ECF 4) is granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 18, 2024
New York, New York

Hon. Ronnie Abrams
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Metropolitan Hospital
   1901 First Avenue
   New York, NY 10029

   Metropolitan Hospital
   Office of Legal Affairs
   125 Worth Street, Room 527
   New York, NY 10013