UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALIN CHRISTOPHER PROPHETE,<br><br>                           Plaintiff,<br><br>                v.<br><br>NEW YORK CITY HEALTH AND<br>HOSPITALS, et al.,<br><br>                           Defendants. | 23-CV-11117 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

       Plaintiff, proceeding *pro se*, brings this action against Defendants pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. For the reasons set forth below, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

       On December 21, 2023, Plaintiff filed the complaint in this action. *See* Dkt. 1. On January 18, 2024, the Court issued a *Valentin* Order requiring identification of the John Doe and Jane Doe defendants referred to in the Complaint (the "Doe Defendants") and requiring Plaintiff to file an Amended Complaint with the real names of the Doe Defendants "[w]ithin thirty days of receiving this information." Dkt. 7. Defendant New York City Health and Hospitals represented that it provided Plaintiff with the names of the Doe Defendants on March 28, 2024, *see* Dkt. 23, and thus Plaintiff should have filed his Amended Complaint by April 29, 2024. Plaintiff failed to do so.

       On June 17, 2024, Magistrate Judge Stein, to whom the Court referred this case, directed Plaintiff to file an Amended Complaint containing the real names of the Doe Defendants by July 8, 2024. *See* Dkt. 24. Plaintiff again failed to do so. On October 4, Judge Stein ordered Plaintiff to file an Amended Complaint containing the real names of the Doe Defendants by October 17,

2024, and warned Plaintiff that failure to comply with the Order would result in a recommendation to this Court that the case be dismissed for want of prosecution. *See* Dkt. 25. Plaintiff has not responded.

**LEGAL STANDARD**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). Furthermore, "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Id.* (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

**DISCUSSION**

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's non-compliance is significant: Plaintiff has not communicated with

2

the Court since April 5, 2024, *see* Dkt. 22, and more than three months have passed since his response to Judge Stein's October 4, 2024 order was due. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *Toliver v. Okvist*, No. 10 Civ. 5354, 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (R. & R.) (recommending the dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015). Second, Plaintiff was on notice that his failure to comply would result in dismissal: the Court's October 4, 2024 order explicitly warned Plaintiff that this action would be dismissed if he failed to respond. *See Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, Plaintiff has been given an opportunity to be heard; indeed, Plaintiff was required only to file an Amended Complaint containing the real names of the Doe Defendants to avoid dismissal. Fourth, this case has been pending for thirteen months, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that Plaintiff's non-compliance warrants dismissal.

On balance, however, and in light of Plaintiff's *pro se* status, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d

3

at 216. Any prejudice to Defendants has been minor: this case is at an early stage, and based on the record, it does not appear that Defendants have had any substantive involvement in the case. *See LeSane*, 239 F.3d at 210 ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself."). Moreover, this action has not substantially burdened the Court's docket: the Court has not decided any substantive motions, held any hearings, presided over any discovery, or scheduled trial. Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiff's failure to communicate with the Court or to comply with the Court's orders. *See, e.g.*, *Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)); *see also* 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice . . . .").

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated:   January 28, 2025
         New York, New York

Hon. Ronnie Abrams
United States District Judge